IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CT-3167-D

| | | |
|---|---|---|
| LACY LEE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WAKE COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Lacy Lee Williams ("plaintiff"), a former inmate at the Wake County Public Safety Center ("the Jail"), filed this action pursuant to 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915. In reviewing the application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff is suing Sergeant Champion ("Champion"), Correctional Officer Cotton ("Cotton"), Certified Nursing Assistant Jordan ("Jordan"), and the Jail. Compl. ¶ III. Plaintiff alleges that on November 19, 2007, he and ten other inmates were served tea that allegedly contained "toxic chemicals" that "tasted like and smelled of Clorox and bleach." Compl. ¶ IV. He states that once Champion and Cotton realized there was a problem with the tea, they stopped serving it to the inmates. Id. Plaintiff claims the inmates were given grievances, but were denied access to medical treatment because the nursing staff stated that the inmates would be okay. Id. Plaintiff further alleges that when Jordan came to the floor where he was housed, he told her he was experiencing dizziness, nausea, headache, vomiting, and diarrhea. Id.

A prisoner states a claim under the Eighth Amendment (applicable to the states through the Fourteenth Amendment) if he alleges that prison officials were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103–05 (1976). Deliberate indifference must be more than mere negligence, but may be something less than actual intent to cause harm. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). In cases involving the denial of or delay in providing medical treatment, the prison official must "know of and disregard an objectively serious condition, medical need, or risk of harm." Short v. Smoot, 436 F.3d 422, 427 (4th Cir. 2006). A prison official who has actual knowledge of a substantial risk to an inmate's health or safety may be free from liability if he responds reasonably to the risk, even if the harm ultimately is not averted. See Farmer v. Brennan, 511 U.S. 825, 844 (1994); Short, 436 F.3d at 427. Moreover, a plaintiff is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

In his complaint, plaintiff admits that Jordan responded to the inmates' potential need for treatment after they drank the allegedly tainted tea. Compl. ¶ 4. After assessing the situation, however, she determined that the situation was not sufficiently serious to warrant medical treatment and allegedly informed the inmates they needed to be more concerned about the overall food service. See id. At most, plaintiff alleges a disagreement between himself and Jordan over the course of treatment he received. This is not sufficient to state an Eighth Amendment deliberate indifference claim. See, e.g., Russell, 528 F.2d at 319; cf. De'Lonta v. Angelone, 330 F.3d 630, 635 (4th Cir. 2003). Thus, this claim against Jordan is DISMISSED as frivolous.

Plaintiff has also failed to state claims against Champion and Cotton. He states that once they realized there was something wrong with the tea, they "immediately stopped serving" the tea. Compl. ¶ 4. Their "immediate" action to avert further harm does not amount to deliberate indifference. See

2

Case 5:07-ct-03167-D   Document 8   Filed 03/03/08   Page 2 of 3

Farmer, 511 U.S. at 844. Accordingly, plaintiff's deliberate indifference claims against Champion and Cotton are DISMISSED as frivolous.

To the extent plaintiff is alleging that Champion and Cotton were somehow negligent, this claim is also frivolous. "[N]egligent deprivations of life, liberty, or property are not actionable under 42 U.S.C. § 1983 . . . ." Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995). "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986) (emphasis in original). Rather, to be actionable under section 1983, a violation of the Due Process Clause must involve "official conduct that entails some measure of deliberateness." Pink, 52 F.3d at 75. A lesser standard would "trivialize[]" the Fourteenth Amendment and result in "federal courts [being] open to cases where no real abuse of public power exists." Id. at 76. Because plaintiff does not allege deliberateness in connection with the alleged serving of tainted tea, plaintiff's claims against Champion and Cotton in their individual capacities are DISMISSED.

Finally, plaintiff's claim against the Jail is also frivolous. The Jail is not a "person," and is thus not amenable to suit under section 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999), aff'd in relevant part, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (per curiam) (unpublished). Therefore, plaintiff's claims against the Jail are DISMISSED as frivolous.

Accordingly, for the reasons stated above, plaintiff's complaint is DISMISSED as frivolous.

SO ORDERED. This 3 day of March 2008.

JAMES C. DEVER III
United States District Judge