IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CT-3167-D

| | |
|---|---|
| LACY LEE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WAKE COUNTY JAIL et al., ) | |
| ) | |
| Defendants. ) | |

On December 20, 2007, plaintiff Lacy Lee Williams ("Williams"), then a current inmate at the Wake County Public Safety Center ("the Jail"), filed this action pro se pursuant to 42 U.S.C. § 1983. At some point after filing his complaint, Williams was transferred to Central Prison. On January 18, 2008, Williams filed a motion for an injunction and a temporary restraining order. On March 3, 2008, the court dismissed William's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). On March 7, 2008, Williams filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). As explained below, Williams' motion for reconsideration and motion for an injunction and a temporary restraining order are denied.

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart v.

Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Consequently, "[a] Rule 59(e) motion is not intended to allow for reargument of the very issues that the court has previously decided," DeLong v. Thompson, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Therefore, to successfully persuade this court to alter or amend its judgment, Williams must demonstrate that a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change.

Williams asserts numerous reasons why the Jail should be liable for the alleged violations of his constitutional rights. Mot. for Recons. ¶¶ 3–7. He also claims that two weeks after defendants moved him to another "pod" on the same floor, he discovered that "before [he] was served the 'Toxic Ice Tea,' other inmates had already complained about the situation on other pods to officials before" the Toxic Ice Tea got to his pod. Id. ¶ 11. Plaintiff contends defendants were already aware of "an existing serious situation which had already occurred." Id. He questions why the "Toxic Ice Tea" continued to be served. Id.

Williams fails to specify an error in this court's judgment and simply re-argues the issues the court already has decided. Williams fails to demonstrate an intervening change in controlling law, to present new evidence previously not available, or to show a clear error of law that would support granting his Rule 59 motion. Additionally, the court finds no error of law with respect to its treatment of Williams' case. Therefore, Williams' motion for reconsideration is DENIED.

Williams filed a motion for an injunction and a temporary restraining order on January 18, 2008. He brought this action against Sergeant Champion, Correctional Officer Cotton, Certified Nursing Assistant Jordan, and the Jail. Williams seeks a temporary restraining order to: (1) enjoin defendants

from placing plaintiff in a maximum security prison; (2) have the right to use the phone to call his family and attorney; (3) have complete access to the courts, personal property, and legal mail; (4) have use of showers, personal hygiene, and sanitation; (5) be free from the use of force; (6) be allowed to practice his religion; and (7) have access to specialized medical care.

When considering a request for injunctive relief, a court must consider: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 (4th Cir. 2002) (quotation omitted); North Carolina State Ports Auth. v. Dart Containerline Co. Ltd., 592 F.2d 749, 750 (4th Cir. 1979); Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg. Co., Inc., 550 F.2d 189, 194–96 (4th Cir. 1977). Williams has failed to demonstrate a likelihood of irreparable harm, or any of the other requirements necessary to obtain injunctive relief. Alternatively, the envelope accompanying his motion shows that he was no longer housed at the Jail when he filed the motion for injunctive relief, but had been transferred to Central Prison. See Williams v. Wake County Jail, No. 5:07-CT-3167-D, [D.E. 6-2] (E.D.N.C. Jan. 18, 2008) (envelope with Central Prison return address). Thus, there is no case or controversy that would justify the equitable relief sought against the defendants. See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 105–06 (1983). For these reasons, plaintiff's motion for an injunction and a temporary restraining order is DENIED.

In conclusion, Williams' motion for reconsideration and motion for injunctive relief are DENIED.

SO ORDERED. This 11 day of April 2008.

JAMES C. DEVER III
United States District Judge

3